UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS A. GERACI, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-01038-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| DAVID VINSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 17), filed by Defendants David Vinson ("Vinson") and DHX Group, Inc. ("DHX") (collectively "Defendants"). Plaintiff Thomas A. Geraci ("Plaintiff"), (ECF No. 20), and Defendants filed a Reply, (ECF No. 23).  For the reasons discussed herein, Defendants' Motion to Dismiss is granted in part and denied in part.

**I.   BACKGROUND**

This case arises out of Defendant Vinson's alleged actions during his time on WorldDoc Inc.'s Board of Directors ("Board") and as Chief Executive Officer ("CEO"). (Compl. ¶ 3, ECF No. 1).  Plaintiff alleges WorldDoc Inc. ("WorldDoc"), a medical technology company, was profitable at the time Vinson became CEO in 2011. (*Id.*).  Then, between 2014 and 2016, Vinson denied shareholders' requests to obtain seats on the Board, while giving a company investor a 20 percent ownership stake and a seat on the Board. (*Id.* ¶ 4).  Further, Plaintiff alleges that in late 2016, Vinson brought WorldDoc into sale negotiations for approximately $25 million; however, Vinson instead sold WorldDoc's source code for $2.4 million. (Compl. ¶ 6–7).  Shortly after the sale of the source code, WorldDoc's primary Board members resigned, and Vinson appointed friends and colleagues to fill the vacancies. (*Id.* ¶ 8–9). Additionally, Plaintiff alleges that between late 2016 through 2018, Vinson began using and

transferring WorldDoc's funds, intellectual property, and resources to other companies, which Vinson controlled, including DHX. (*Id.* ¶ 10).  According to Plaintiff,  Vinson began making large cash withdrawals, large wire transfers to DHX, and paying for DHX's expenses.  Further, WorldDoc started paying Vinson's personal credit card bills, and transferring its remaining intellectual property to DHX. (*Id.* ¶¶ 11–12).  In July 2018, WorldDoc filed for bankruptcy. (Compl. ¶ 11).  In March 2019, Plaintiff purchased the Bankruptcy Estate's claims and rights. (*See id.*).

On June 17, 2019, Plaintiff filed a Complaint, (ECF No. 1), alleging the following causes of action: (1) breach of fiduciary duty against Vinson, (2) conversion against Vinson; (3) avoidance and recovery of fraudulent transfers against DHX, actual intent; (4) avoidance and recovery of fraudulent transfers against DHX, constructive fraud; (5) avoidance and recovery of fraudulent transfers against Vinson, actual intent; (6) avoidance and recovery of fraudulent transfers against Vinson, constructive fraud; and (7) recovery and avoided transfers against all Defendants.  Defendants' Motion to Dismiss now follows.

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

### A.  Claim 1 - Breach of Fiduciary Duty against Vinson

"A breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). A "fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* Moreover, fiduciary relationships arise where the parties do not deal on equal terms and there is special trust and confidence placed in the superior party. *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986). To prevail on a breach of fiduciary duty claim, the plaintiff must establish: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." *Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009).

Here, Plaintiff's Complaint alleges that Vinson breached his fiduciary duties to WorldDoc, its shareholders, and its creditors by selling the source code to Cigna in lieu of selling WorldDoc to Cigna or another suitor; using the proceeds from the sale of the source

code to the detriment of the Debtor and its creditors and shareholders; causing the Debtor to make the DHX and Vinson transfers, even though there was no legitimate business-related reason for the same; failing to distribute the proceeds of the source code sale to WorldDoc's shareholders; and using WorldDoc assets for Vinson's own personal use. (Compl. ¶¶ 51–55).

In their Motion, Defendants argue that Plaintiff's breach of duty claim should be dismissed because in order to "hold a director or officer . . . individually liable, the shareholder must prove that the director's breach of his or her fiduciary duty of loyalty involved intentional misconduct, fraud, or a knowing violation of the law." *In re Amerco Derivative Litig.*, 252 P.3d 681, 701 (Nev. 2011) (citing NRS 78.138) (internal quotations omitted).

Relevant to Defendants' argument, recently the Nevada Supreme Court adopted the Tenth Circuit's definition of "intentional" and "knowing," for the purpose of determining whether a director's or officer's act (or failure to act) constitutes "a breach of his or her fiduciary duties involving intentional misconduct, fraud or a knowing violation of law." *Chur v. Eighth Judicial Dist. Court in & for Cty. of Clark*, 458 P.3d 336, 342 (Nev. 2020). The court held that "the claimant must establish *that the director or officer had knowledge that the alleged conduct was wrongful* in order to show a 'knowing violation of law' or 'intentional misconduct' pursuant to NRS 78.138(7)(b)." *Id.* (internal quotations omitted) (emphasis added). In light of *Chur*, Plaintiff's allegations are inadequate because they do not rise to the level of intentional misconduct, fraud, or a knowing violation of the law. Further, Plaintiff's allegations do not establish that Vinson had knowledge his conduct was wrongful. Accordingly, Plaintiff's breach of duty claim is dismissed.

### B. Claim 2 - Conversion against Vinson

In Nevada, a claim for conversion requires the Plaintiff to show a distinct act of dominion wrongfully exerted over another's personal property denying, or inconsistent with his title or rights. *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000). Conversion

is an act of general intent, meaning that no wrongful intent is required, and liability is not excused by care, good faith, or lack of knowledge. *M.C. Multi-Family Development, LLC v. Crestdale Associates, Ltd.*, 193 P.3d 536, 543 (Nev. 2008). Although money cannot typically be the subject of a conversion claim, it can be where the money is identifiable, such as being set aside in a separate account or separately earmarked. *Hester v. Vision Airlines, Inc.*, 2011 WL 856871, at *3 (D. Nev. Mar. 9, 2011) (citing *Lopez v. Javier Corral, D.C.*, 126 Nev. 702 (2010)).

Here, Plaintiff alleges that Vinson caused various assets of WorldDoc to be transferred, used, and dissipated for his own use or the benefit of other companies. Plaintiff further alleges that the assets, "including cash, IP, and labor, belonged to WorldDoc and WorldDoc had the right to possession or use of these assets." (Compl. ¶¶ 58, 59). Plaintiff further claims that as a result of Vinson's wrongful acts, Vinson caused WorldDoc's assets to be converted by others inconsistent with WorldDoc's ownership rights. Insofar as Plaintiff asserts Vinson converted cash, the claim fails as Plaintiff does not allege facts identifying how this cash was earmarked or whether it was in a separate account. However, because Plaintiff also alleges Vinson's conversion of other property, the claim survives Defendants' Motion to Dismiss.

**C.    Claims 3, 4, 5, 6, and 7 - Avoidance and Recovery of Fraudulent Transfers**

Plaintiff asserts the following claims for relief: (Claim 3) avoidance and recovery of fraudulent transfers against DHX, actual intent; (Claim 4) avoidance and recovery of fraudulent transfers against DHX, constructive fraud; (Claim 5) avoidance and recovery of fraudulent transfers against Vinson, actual intent; (Claim 6) avoidance and recovery of fraudulent transfers against Vinson, constructive fraud; and (Claim 7) recovery and avoided transfers against both Defendants. Each one of the above-stated claims is brought under federal and state law.

Defendants argue that Nevada law prohibits the assignment of fraud claims, and therefore, these avoidance and recovery claims should be dismissed. (Mot. at 7). According to

Defendants, the policy considerations for prohibiting the assignment of certain claims are that "[a]ssignability would encourage commercialization of claims," would "encourage unjustified lawsuits," and would "promote champerty." (Mot. at 7–8) (citing *Curtis v. Kellogg & Andelson*, 73 Cal. App. 4th 492, 505 (1999)); (*In re AgriBioTech, Inc.*, 319 B.R. 207, 210 (D. Nev. 2004)). Defendants submit that the reasoning set forth in the cited caselaw applies equally to Plaintiff's fraudulent transfer claims because "Plaintiff has no interest in this lawsuit other than by virtue of his purchase of the claims from the bankruptcy trustee." (Mot. at 8). However, as Defendants note, none of the cases which they cite involve fraudulent transfers. (*Id.*).

Ultimately, Defendants fail to provide any legal authority clearly foreclosing the assignment of avoidance and recovery claims. It is well-established that "under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991); *see generally* 5B Charles Wright et al., Federal Practice & Procedure § 1357 (3d ed. 2004) ("federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists"). As such, Defendants' Motion is denied as to these claims.

### D. Punitive Damages

Defendants move to dismiss Plaintiff's request for punitive damages. However, punitive damages are merely a remedy and do not constitute a cause of action. *Wright v. Watkins & Shepard Trucking, Inc.*, No. 2:11-cv-01575, 2014 WL 6388789 at *6 n.3 (D. Nev. Nov. 14, 2014). Accordingly, Defendants' request is denied.

### E. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines

that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support his first cause of action. Accordingly, the Court will grant Plaintiff leave to file an amended complaint. Plaintiff shall file his amended complaint within twenty-one (21) days of the date of this Order if he can allege sufficient facts that plausibly establish Plaintiff's first cause of action. Failure to file an amended complaint by this date shall result in the Court dismissing this claim with prejudice.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss, (ECF No. 17), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to amend consistent with the foregoing. Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's first cause of action with prejudice.

**DATED** this  31  day of May, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court